**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL USUAH,<br><br>Defendant. | Criminal Action No. 22-95-GBW |

**MEMORANDUM ORDER**

The United States of America ("the Government") has charged Defendant Emmanuel Usuah ("Defendant" or "Mr. Usuah") with sixteen (16) counts of willfully aiding, assisting, and/or advising in the preparation and presentation of fraudulent tax returns to the United States Internal Revenue Service ("IRS") in violation of 26 U.S.C. § 7206(2). D.I. 75. Pending before the Court are the following motions *in limine*:

A. The Government's Motions (D.I. 82)

1. Motion *in Limine* to Conditionally Admit Business Records ("the Government's MIL No. 1")

2. Motion *in Limine* to Admit Lay Opinion by Revenue Agent and Service Center Witness ("the Government's MIL No. 2")

3. Motion *in Limine* to Admit Evidence to Rebut Mistake Defense ("the Government's MIL No. 3")

4. Motion *in Limine* to Allow Presence of Revenue Agent at Counsel Table ("the Government's MIL No. 4")

5. Motion *in Limine* to Preclude Mr. Usuah from Introducing Evidence of Non-Fraudulent Tax Returns ("the Government's MIL No. 5")

6. Motion *in Limine* to Admit Mr. Usuah's Statement to Law Enforcement ("the Government's MIL No. 6")

B. Mr. Usuah's Motion (D.I. 77)

1. Motion *in Limine* to Preclude Government from Introducing Information Related to Mr. Usuah's Bankruptcy ("Mr. Usuah's MIL")

A hearing was held regarding these Motions on October 22, 2026. The Court will discuss each Motion in turn.

## I. <u>LEGAL STANDARD</u>

A motion *in limine* is designed to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). Motions *in limine* allow the court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "A motion in limine is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'" *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-cv-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019) (citation omitted).

Although "[m]any motions *in limine* do require the court's disposition pretrial," *United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022), "motions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context."

*DNOW*, 2019 WL 13229219, at *1 (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

## II. DISCUSSION

### A. The Government's Motions *in Limine*

#### 1. The Court Grants the Government's MIL No. 1

In the Government's MIL No. 1, the Government seeks to conditionally admit certain business records, including bank records from Republic Bank and tax preparation software records from Tax Act ("Offered Documents"). D.I. 82 at 14. The Government has attached certificates of authentication for the Offered Documents to its MIL No. 1. *See* D.I. 82-1. Mr. Usuah does not oppose the admission of the Offered Documents. D.I. 82 at 14 n.11.

Pursuant to Federal Rule of Evidence 803(6), records of a regularly conducted activity are admissible evidence if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). The Offered Documents qualify as records of a regularly conducted activity, and they have been authenticated by their two custodians as required by Fed. R. Evid. 902(11). Thus, the Court grants the Government's MIL No. 1.

### 2. The Court Will Reserve Judgment on the Government's MIL No. 2 Until Trial

In the Government's MIL No. 2, the Government seeks to admit the testimony of IRS Revenue Agent Ray Ovelman ("Agent Ovelman") and IRS Service Center Representative Renee McClain ("Ms. McClain") as lay witnesses. The Government intends to offer Agent Ovelman's opinion regarding "the computation of outstanding tax due and owing for the prosecution years and to explain the significance of certain tax forms" and to "explain how the false entries listed on the sixteen tax returns [at issue in this case] affected the tax due and owing and resulted in a refund when a tax was due, or a larger refund to the taxpayer." D.I. 82 at 18. The Government intends to offer Ms. McClain's testimony to "introduce the tax returns and account transcripts into the record" and potentially to explain various relevant tax forms. *Id.* The Government represents that both Agent Ovelman and Ms. McClain's testimony will be based on their personal knowledge. *Id.* at 19. Mr. Usuah opposes the Government's MIL No. 2 on the grounds that (1) Agent Ovelman was not an investigator in this case, (2) the Government does not explain what Agent Ovelman's opinion will be, (3) Agent Ovelman's purported testimony relates to specialized knowledge rather than an opinion, and (4) the Government provides insufficient information about Ms. McClain's purported testimony to satisfy the foundational requirements of Fed. R. Evid. 701. D.I. 88 at 2-6.

A lay witness may offer opinion testimony only if that testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[E]ven where lay opinion testimony is of a specialized or technical nature, an expert is not always needed if that lay witness has particularized knowledge by virtue of her experience . . . because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule

702." *United States v. Robinson*, No. 21-1667, 2022 WL 3666293, at *4 (3d Cir. Aug. 25, 2022) (internal marks omitted) (quoting *United States v. Fulton*, 837 F.3d 281, 301 (3d Cir. 2016)).

The Court concludes that the testimony the Government seeks to offer through Agent Ovelman and Ms. McClain ("Offered Testimony") ***could*** satisfy the requirements of Fed. R. Evid. 701 ("Rule 701") for admissibility. The Offered Testimony satisfies element (b) of Rule 701 because the jury cannot assess the legal and factual issues in this case without understanding the relevant tax forms and how entries in those forms affected Mr. Usuah's clients' tax deductions and refunds. Thus, the Offered Testimony will be very helpful to the jury in explaining those forms, the deduction process, and how the entries therein affected the tax refunds that Mr. Usuah's clients received. While the Offered Testimony is somewhat technical, it still satisfies element (c) of Rule 701 if it is based on Agent Ovelman and Ms. McClain's personal knowledge and experience. *See Robinson*, 2022 WL 3666293, at *4; *Fulton*, 837 F.3d at 301. Likewise, element (a) of Rule 701 is satisfied if the Offered Testimony is based on the witness's personal knowledge.

Thus, the admissibility of the Offered Testimony turns on whether it is actually based on Agent Ovelman and Ms. McClain's personal knowledge. It is the Government's burden to lay that foundation at trial. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). If, as the Government represents, Agent Ovelman testifies that he (1) reviewed the tax returns and forms at issue in this case and (2) personally knows how the tax returns at issue in this case were processed, he has personal knowledge of those issues. Similarly, if Ms. McClain has reviewed the tax returns, account transcripts, and relevant tax forms that she seeks to testify about, then she has personal knowledge of those items. If that is the case, all elements of Rule 701 are satisfied, and the Offered Testimony is admissible. However, it remains to be seen what foundation the

Government will be able to lay at trial, so the Court cannot yet determine whether the Offered Testimony will be admissible. Therefore, the Court will reserve judgment on the Government's MIL No. 2 until trial.

### 3. The Court Will Reserve Judgment on the Government's MIL No. 3 Until Trial

In the Government's MIL No. 3, the Government seeks to "offer four additional witnesses in rebuttal to show absence of mistake" in anticipation of Mr. Usuah raising a mistake defense. D.I. 82 at 21. Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In addition to being offered for a proper purpose, that evidence must (1) be relevant, (2) satisfy Fed. R. Evid. 403, and (3) be accompanied by a limiting instruction about the purpose for which the jury may consider the evidence, if such an instruction is requested. *U.S. v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

The Government reasons that it is offering four additional witnesses "to rebut a potential defense that [Mr.] Usuah simply made a mistake on the taxpayers' tax returns." D.I. 82 at 23. In the Government's view, allowing it to "offer additional evidence of false returns prepared by Usuah for other clients would make clearer to the jurors that the breadth and variety of false information placed on returns is less likely the product of mistake and more likely the product of willfully preparing false tax returns." *Id.* at 23-24. Mr. Usuah responds that the Court cannot conduct a full examination on the admissibility of this evidence "outside of the context of the trial." D.I. 88 at 10. That is, "[t]he Court cannot determine if the evidence the government intends to

offer is admissible Rule 404(b) and satisfies Rule 403 without knowing the other evidence it will be included with." *Id.*

The Court agrees with Mr. Usuah. Given that the Court does not yet know whether Mr. Usuah intends to raise a mistake defense, ruling on a motion conditioned on that defense being raised would be premature. The Court instead finds that a final decision on the Government's MIL No. 3 is best reserved for trial, when the Court has the full context of the defenses that Mr. Usuah plans to raise and the evidence that the Government intends to offer. *See Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, the Court will reserve judgment on the Government's MIL No. 3 until trial.

**4. The Court Grants the Government's MIL No. 4**

The Government's MIL No. 4 seeks the Court's permission to allow Agent Ovelman to remain present at or behind counsel table throughout Mr. Usuah's trial. D.I. 82 at 27. Mr. Usuah has invoked Fed. R. Evid. 615, calling for the sequestration of all witnesses except for party representatives from the courtroom when those witnesses are not testifying. D.I. 88 at 7-8. As Mr. Usuah concedes, *see* D.I. 88 at 7, the Government is permitted to exempt one designated party representative from sequestration pursuant to Rule 615(a)(2). *United States v. Gonzalez*, 918 F.2d 1129, 1138 (3d Cir. 1990). The Government cites *Gonzalez* and Rule 615(a)(2) as the basis for its motion and designates Agent Ovelman as the Government's party representative. D.I. 82 at 27. While the Government also cites Rule 615(a)(3) as an independent basis for exempting Agent Ovelman from sequestration, and the parties dispute whether the Government has made an adequate showing to justify applying Rule 615(a)(3), *see* D.I. 88 at 7-8, the Court need not reach that issue. Therefore, the Court grants the Government's MIL No. 4.

### 5. The Court Will Reserve Judgment on the Government's MIL No. 5 Until Trial

In the Government's MIL No. 5, the Government seeks to preclude Mr. Usuah from introducing evidence of non-fraudulent tax returns. D.I. 82 at 29. The Government first contends that such evidence is irrelevant. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a). The Government claims that, because Mr. Usuah is charged with sixteen separate criminal acts, and not an ongoing criminal fraud scheme, "evidence of specific instances in which he did not violate the law is irrelevant." D.I. 82 at 29. In other words, any evidence of non-fraudulent tax returns would be completely irrelevant to the preparation of the sixteen allegedly fraudulent tax returns for which Mr. Usuah has been charged. *Id.* at 29-30. The Government also claims that "evidence of non-fraudulent returns has the potential to confuse or mislead the jury," *id.* at 30, and that "allowing the defense to present accurate returns as a defense would have the effect of compelling the government in future section 7206(2) prosecutions to charge as many false tax returns as it discovers to overcome the defense." *Id.* at 31. Mr. Usuah responds that, without hearing testimony, the Court is "not positioned to determine the relevancy of the tax records that the government has not alleged are fraudulent." D.I. 88 at 9.

At this juncture, the Court is unpersuaded that evidence of non-fraudulent tax returns is certain to be irrelevant at trial. To the Government's point, while courts have found that evidence of non-fraudulent tax returns might be relevant to charges for an *ongoing* fraud scheme, *see United States v. Garvin*, 565 F.2d 519, 522 (8th Cir. 1977) (evidence of legitimate insurance policies admissible to show lack of intent to commit a scheme to defraud), Mr. Usuah has not been charged with a continuous fraud scheme. Nevertheless, evidence of non-fraudulent tax returns could

become relevant depending on the evidence the parties present at trial—in particular, if Mr. Usuah brings a mistake defense and the Government offers fraudulent tax returns to rebut that defense. The Court requires additional context of the parties' arguments and, thus, will reserve judgment on the Government's MIL No. 5 until trial.

#### 6. The Court Grants the Government's MIL No. 6

The Government's MIL No. 6 seeks to admit statements that Mr. Usuah made to Special Agents Paul DeLuca and Anthony Lo Piccolo, which the Government plans to elicit through the testimony of one of those special agents. D.I. 82 at 32. Mr. Usuah does not object. D.I. 88 at 1 ("Mr. Usuah does not object to the admission of testimony from an agent on his statements."). Mr. Usuah's statements are admissible as statements made by the Government's party opponent in an individual capacity. Fed. R. Evid. 801(d)(2)(A). Therefore, the Government's MIL No. 6 is granted.

### B. Mr. Usuah's Motion *in Limine*

#### 1. The Court Grants-in-Part Mr. Usuah's MIL

Mr. Usuah's MIL seeks to preclude the Government from introducing any evidence related to Mr. Usuah's bankruptcy at trial. D.I. 77 at 1. The Government does not oppose Mr. Usuah's MIL. D.I. 87 at 2. However, the Government seeks permission to admit evidence related to Mr. Usuah's bankruptcy for impeachment purposes, if necessary, should Mr. Usuah choose to testify. *Id.* at 3. Therefore, Mr. Usuah's MIL is granted-in-part. The Government is precluded from introducing evidence related to Mr. Usuah's bankruptcy for any purpose other than impeachment. However, the Court may allow the Government to introduce evidence related to Mr. Usuah's bankruptcy for the purpose of impeaching Mr. Usuah, if appropriate, should Mr. Usuah choose to testify.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion *in Limine* Nos. 1, 4, and 6, and **GRANTS-IN-PART** Mr. Usuah's Motion *in Limine*. The Court will reserve judgment on the Government's Motion *in Limine* Nos. 2, 3, and 5 until trial.

* * * * *

WHEREFORE, at Wilmington this 22nd day of October 2026, **IT IS HEREBY ORDERED** that:

1. The United States of America's ("the Government") Motion *in Limine* No. 1 is **GRANTED**;
2. The Government's Motion *in Limine* No. 4 is **GRANTED**;
3. The Government's Motion *in Limine* No. 6 is **GRANTED**;
4. Defendant Emmanuel Usuah's Motion *in Limine* is **GRANTED-IN-PART**; and
5. The Court will reserve judgment on the Government's Motion *in Limine* Nos. 2, 3, and 5 until trial.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE